59 F.3d 1002
 95 Cal. Daily Op. Serv. 5463
 GREGORIO T., by and through His Guardian Ad Litem JOSE T.;
Xiomara T.; Maria R.; Carlos P., by and through
His Guardian Ad Litem Ana P., Plaintiffs-Appellees,
and
California Association of Catholic Hospitals; City of Los
Angeles, Plaintiffs-Intervenors,
v.
Pete WILSON, Governor, of the State of California; Daniel
E. Lungren, Attorney General, for the State of California;
Kimberly Belshe, Director, of the Department of Health
Services for the State of California; Eloise Anderson,
Director, of the Department of Social Services for the State
of California, Defendants-Appellants.
LEAGUE OF UNITED LATIN AMERICAN CITIZENS, Plaintiff-Appellee,
v.
Pete WILSON, Governor, of the State of California; Daniel
E. Lungren, Attorney General, for the State of California;
Kimberly Belshe, Director, of the Department of Health
Services for the State of California; Eloise Anderson,
Director, of the Department of Social Services for the State
of California, Defendants-Appellants,
and
Orange Unified School District; San Diego Unified School
District; William D. Dawson, Acting
Superintendent of Public Instruction,
for the State of California,
Defendants.
Barbara AYALA, a minor, by and through Her Guardian Ad
Litem, Andrea Ayala, Plaintiff-Appellee,
v.
Pete WILSON, Governor, of the State of California; Daniel
E. Lungren, Attorney General, for the State of California;
Kimberly Belshe, Director, of the Department of Health
Services for the State of California; Eloise Anderson,
Director, of the Department of Social Services for the State
of California, Defendants-Appellants,
and
Alhambra Unified School District, Defendant.
CHILDREN WHO WANT AN EDUCATION, who are undocumented in
America, who will be adversely affected by
California Proposition 187, Plaintiff-Appellee,
v.
Pete WILSON, Governor, of the State of California; Daniel
E. Lungren, Attorney General, for the State of California;
Kimberly Belshe, Director, of the Department of Health
Services for the State of California; Eloise Anderson,
Director, of the Department of Social Services for the State
of California, Defendants-Appellants,
and
Los Angeles Unified School District, Defendant.
 Nos. 95-55186, 95-55188, 95-55191 and 95-55192.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 5, 1995*.
Decided July 14, 1995.
 
 John H. Sugiyama, Sr. Asst. Atty. Gen., San Francisco, CA, for defendants-appellants.
 Carlos Holguin, Center for Human Rights & Constitutional Law, Los Angeles, CA, for plaintiff-appellee League of United Latin American Citizens.
 James M. Harris, Sidley & Austin, Los Angeles, CA, for plaintiffs-appellees California Ass'n of Catholic Hospitals, and Catholic Health Care Ass'n of the U.S.
 Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiff-appellee Children Who Want an Educ.
 Fred J. Kumetz, Kumetz & Glick, Los Angeles, CA, for plaintiff-appellee Barbara Ayala.
 Karl Manheim, Loyola Law School, Los Angeles, CA; Mark D. Rosenbaum, ACLU Foundation of Southern California, Los Angeles, CA; Thomas A. Saenz, Mexican American Legal Defense and Educ. Fund, Los Angeles, CA; Bruce Iwasaki, O'Melveny & Myers, Los Angeles, CA, for plaintiff-appellee Gregorio T.
 Jessica F. Heinz, Deputy City Attorney, Los Angeles, CA, for plaintiff-appellee City of Los Angeles.
 Appeals from the United States District Court for the Central District of California.
 Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.
 
 ORDER
 
 1
 Governor Pete Wilson and other officials of the State of California (State officers) appeal from the district court's preliminary injunction against implementation and enforcement of sections 4, 5, 6, 7, and 9 of Proposition 187. In a previous order, we consolidated and expedited these appeals for consideration under new Ninth Circuit Rule 3-3 (effective July 1, 1995), and retained jurisdiction for decision on the merits. See Gregorio T. v. Wilson, 54 F.3d 599 (9th Cir.1995). The State limits its arguments on appeal to whether the district court improperly entered its preliminary injunction because it is required to abstain under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), or Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
 
 
 2
 The parties have briefed this issue as if we were to decide de novo the merits of the abstention decisions of the district court. In our earlier order, we directed their attention to Sports Form, Inc. v. United Press International, 686 F.2d 750 (9th Cir.1982) (Sports Form), to provide guidance for their briefing and so that they could be of most assistance to the court. Their briefs will be of great help to us if the district court enters a permanent injunction and it is appealed, but that is not the issue before us.
 
 
 3
 A preliminary "injunction will be reversed only if the district court relied on an erroneous legal premise or abused its discretion." Id. at 752. We focus initially on whether the district court got the law right, that is, whether "the court [employed] the appropriate legal standards which govern the issuance of a preliminary injunction, [and] if, in applying the appropriate standards, the court misapprehend[ed] the law with respect to the underlying issues in litigation." Id. (citations omitted).
 
 
 4
 Thus, we do not review the underlying merits of the case. As long as the district court got the law right, "it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case. Rather, the appellate court will reverse only if the district court abused its discretion." Id.
 
 
 5
 Neither party suggests that the district court applied the wrong preliminary injunction standard. Neither party asserts that the district court misapprehended the law dealing with abstention. Rather, the State officers only assert that the law of abstention was misapplied. Thus, the only question is whether the district court abused its discretion in entering the preliminary injunction.
 
 
 6
 The State officers argue that the district court incorrectly decided whether abstention applied. But at this stage, it has not been demonstrated by the State officers that the district court abused its discretion, that is, that "there has been a clear error of judgment" or a conclusion based on "clearly erroneous findings of fact." Id. at 752. The district court did not state that it could not abstain, but indicated only that it would not. This was not an abuse of discretion. See Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813, 818 (9th Cir.) (abstention involves discretion on exercise of court's equity powers), cert. denied, 456 U.S. 1011, 102 S.Ct. 2308, 73 L.Ed.2d 1308 (1982).
 
 As we stated in Sports Form:
 
 7
 We emphasize the ways in which review of an order granting or denying a preliminary injunction differs from review of an order involving a permanent injunction because we are persuaded that in some cases, parties appeal orders granting or denying motions for preliminary injunctions in order to ascertain the views of the appellate court on the merits of the litigation. Because of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.
 
 
 8
 Sports Form, 686 F.2d at 753.
 
 
 9
 We caution the parties not to read too much into our holding. We only hold now that the district court's application of the abstention law for purposes of a preliminary injunction was not an abuse of discretion. We need not and should not go farther in our review at this time.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4