79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sau FAN-CHAN, a.k.a. Peter Chan, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70343.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Submission Deferred Jan. 10, 1996.
Resubmitted March 1, 1996.
Decided March 13, 1996.
 
 Before: HUG, Chief Judge, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fan-Chan's appeal was dismissed November 4, 1992. He was issued a "bag and baggage" letter February 23, 1993. He then filed a motion to reopen. This appeal is from the denial of his motion to reopen, not from the earlier denial of waiver of deportation.
 
 
 3
 This court reviews the Board's denial of a motion to reopen for abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992); Watkins v. INS, 63 F.2d 844, 847 (9th Cir.1995). There is no statutory provision for reopening of a deportation proceeding, and the "Supreme Court has accordingly held that 'the granting of a motion to reopen is thus discretionary,' and is 'disfavored.' " Castillo-Villagra v. INS, 972 F.2d 1017, 1023 (9th Cir.1992) (citing Doherty, 112 S.Ct. at 724). Nevertheless, an "abuse of discretion will be found when the denial was arbitrary, irrational or contrary to law." Watkins v. INS, 63 F.3d 844 (9th Cir.1995) (internal quotations omitted).
 
 
 4
 The only ground asserted by the motion to reopen was ineffective assistance of counsel. Mr. Chan had a new lawyer, who argued that his previous lawyer did not adequately perform his task. Because INS cases are civil, Mr. Chan does not have a Sixth Amendment right to competent counsel, but he does have a right to assistance of counsel which is not "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986).
 
 
 5
 The BIA denied relief because Mr. Chan did not provide previous counsel with an opportunity to respond to the allegations against him, and also because the California State Bar had decided that charges against his former attorney were not substantiated. These grounds are not arbitrary. The Board has applied them consistently, pursuant to Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). Mr. Chan's new lawyer eventually did advise former counsel of his allegations against him, but not until a month after filing the motion to reopen, and one day before the letter to former counsel was submitted to the INS, so the immigration judge and the Board of Immigration Appeals did not have the opportunity to read former counsel's response.
 
 
 6
 There are many reasons other than incompetence or negligence why counsel may fail to file a timely paper or adequate papers, many of which are factually consistent with the claims set forth in Mr. Chan's affidavit. Among the reasons may be that the client does not cooperate with the lawyer in supplying information and evidence. Another may be that the client does not pay the lawyer, and the lawyer did not undertake to provide the representation unless and until his fee was adequately secured. It was not arbitrary for the BIA to insist upon compliance with its regular procedures for demonstrating ineffective assistance, in order to filter out frivolous and improper attacks on prior counsel used as delaying tactics.
 
 
 7
 Petition DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3