79 F.3d 1152
 Pens. Plan Guide P 23918Y
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jacquelyn BUSHNELL, Plaintiff-Appellant,
v.
RELIANCE INSURANCE COMPANY, Defendant-Appellee.
 
 1
 No. 95-35099.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Jan. 11, 1996.
Decided March 13, 1996.
 
 3
 Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Jacquelyn Bushnell appeals from the district court's grant of summary judgment against Bushnell on her claims for life insurance benefits under the Agreement and Release and breach of fiduciary duty. The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 6
 We review a district court's grant of summary judgment de novo. Stahl v. Tony's Bldg. Materials, Inc., 875 F.2d 1404, 1406 (9th Cir.1989).
 
 
 7
 1. John Bushnell Was Not Covered Under the Executive Plan at the Time of His Death.
 
 
 8
 The provisions of an ERISA plan which automatically end coverage when employment terminates are enforceable. McMahan v. New England Mut. Life Ins. Co., 888 F.2d 426, 430 (6th Cir.1989); Gridley v. Cleveland Pneumatic Co., 924 F.2d 1310, 1320 n. 10 (3d Cir.1991).
 
 
 9
 The unambiguous terms of the Executive Plan provide that coverage ends when an individual terminates employment. The Executive Plan's "Group Life Insurance Booklet-Certificate" (the "Certificate") contained the key terms of the Executive Plan, including the termination provision. CR 43 at 14.
 
 
 10
 The Executive Plan provided for termination of individual coverage upon several contingencies, including "the date on which the policy is terminated" and "the date on which the Insured Person's employment terminates. Termination of employment means cessation of active full-time work in the class or classes of persons eligible for insurance...." CR 43 at 8. The Executive Plan defines "classes of eligible employees" as "[a]ll permanent active full-time Corporate Vice Presidents...." CR 43 at 4. "Active Full-Time Employees" are defined in the Certificate as:
 
 
 11
 employees who are regularly employed by the Participant Employer in the usual course of his business and who work at least the number of hours per week established by such employer as the normal work week, but in no event less than 30 hours per week.
 
 
 12
 CR 43 at 18.
 
 
 13
 John Bushnell ceased being an "active full-time employee" upon his resignation. Therefore, he was not covered under the Executive Plan at the time of his death.
 
 
 14
 2. The Agreement Is Not an Employee Welfare Benefit Plan Under ERISA.
 
 
 15
 Jacquelyn Bushnell argues that the Agreement constitutes an employee benefit plan under ERISA.
 
 
 16
 Reliance asks us not to consider this argument because Bushnell did not raise it before the district court. In general, we will not address arguments raised for the first time on appeal. United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.1983). However, it is in our power to consider such an argument. Hormel v. Helvering, 312 U.S. 552, 557-59, 61 S.Ct. 719, 721-22, 85 L.Ed. 1037 (1941). We have recognized several exceptions to the general rule, including where the issue presented on appeal "is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985). The facts in the case at bar have been sufficiently developed to allow us to consider Bushnell's argument.
 
 
 17
 "Employee benefit plans" under ERISA include "employee pension benefit plans" and "employee welfare benefit plans." 29 U.S.C. § 1002(3).
 
 
 18
 An employee pension benefit plan is any plan which provides retirement income to employees. § 1002(2)(A). An employee welfare benefit plan is any plan which provides medical, disability, or life insurance benefits. § 1002(1).
 
 
 19
 ERISA does not contain a clear definition of the word "plan." Scott v. Gulf Oil Corp., 754 F.2d 1499, 1503 (9th Cir.1985). Although ERISA contains numerous requirements a plan must adhere to, such as having named fiduciaries and public reports, failure to meet those requirements does not exempt the employer from coverage by ERISA. Id. Rather, a plan can be established if a reasonable person can " 'ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.' " Id. at 1504, citing Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir.1982).
 
 
 20
 Bushnell argues that under Scott, Donovan, and Williams v. Wright, 927 F.2d 1540 (11th Cir.1991), the Agreement should be considered an "employee benefit plan." Bushnell states that "[t]he intended benefits, beneficiaries, source of financing, and procedures for receiving benefits are set forth in detail within the Agreement and Release." However, only the pension benefits are set forth in detail in the Agreement. The Agreement sets forth the amount, frequency and duration of pension payments. CR 42 at 3. In marked contrast, the only reference to welfare benefits is the following:
 
 
 21
 Recipient may continue group medical, dental and life insurance benefits in accordance with the terms of those plans. For all other employee benefit purposes, Recipient's employment shall be considered terminated effective October 1, 1987.
 
 
 22
 Agreement, CR 42 at 4. Clearly, this section does not set forth in detail the intended benefits, source of financing and procedures for receiving benefits. Rather, it simply refers John Bushnell to the terms of the applicable employee welfare benefit plans.
 
 
 23
 Furthermore, the facts in Scott, Donovan, and Williams are critically distinct from the facts in the case at bar: those plaintiffs' benefits would not have been governed by ERISA unless the courts found that the disputed agreements were plans under ERISA. In contrast, John Bushnell was covered by established employee welfare benefit plans as an employee, namely, his medical, dental and life insurance plans, which were subject to ERISA's requirements.
 
 
 24
 The Agreement does not constitute an employee welfare benefit plan under ERISA. Therefore, the district court correctly held that Bushnell was not entitled to life insurance benefits under the Agreement.
 
 
 25
 3. Reliance Did Not Breach Its Fiduciary Duty to John Bushnell by Failing to Disclose the Termination of the Executive Plan.
 
 
 26
 Reliance exercised authority and control over management and disposition of the plans covering its employees and is therefore a fiduciary of the plans. 29 U.S.C. § 1002(21)(A). Under ERISA, a fiduciary owes a duty to disclose information to a plan's beneficiaries. 29 U.S.C. §§ 1021-31.
 
 
 27
 The district court properly ruled that Reliance fulfilled its fiduciary duty to notify John Bushnell that his benefits under the Executive Plan terminated when he resigned from employment.
 
 
 28
 Bushnell claims that Reliance breached its fiduciary duty to John Bushnell by failing to disclose the termination of the Executive Plan. However, John Bushnell's benefits under the Executive Plan terminated upon his resignation. John Bushnell had notice that his benefits would be terminated by the express terms of the Executive Plan. In addition, Reliance sent letters to John Bushnell, written before the Agreement was effective, stating that his resignation would reduce his life insurance coverage to $86,500.00. CR 44 at 5. Reliance clearly met its duty to notify John Bushnell on the effect resignation would have on his life insurance benefits. Stahl v. Tony's Bldg. Materials, Inc., 875 F.2d 1404, 1409 (9th Cir.1989) (because summary plan description adequately explained that expiration of collective bargaining agreement would reduce plaintiff's pension benefits, ERISA did not impose a duty to warn plaintiff individually); see also Cummings v. Briggs & Stratton Retirement Plan, 797 F.2d 383, 387 (7th Cir.1986); Allen v. Atlantic Richfield Retirement Plan, 480 F.Supp. 848, 851-52 (E.D.Pa.), aff'd, 633 F.2d 209 (3d Cir.1980).
 
 
 29
 Reliance had no duty to notify John Bushnell of the December 1988 cancellation of the Executive Plan because he had not been eligible for coverage under that plan for over a year before it was cancelled. Therefore, the district court correctly held that Reliance did not breach its fiduciary duty to John Bushnell. The district court's grant of summary judgment to Reliance is AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3