79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALIFORNIA SUNCARE, INC., Plaintiff-Appellant,
v.
CALIFORNIA SUN LABORATORIES, INC., a California corporation,
Defendant-Appellee.
 No. 95-56845.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 14, 1996.
 
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant California SunCare, Inc. ("SunCare") appeals the district court's denial of a preliminary injunction enjoining appellee California Sun Laboratories, Inc. ("Sun Laboratories") from using "California Sun Laboratories" or "California Sun Laboratories, Inc." as a trade name. SunCare contends that the district court erred in finding (1) that SunCare does not have a protectable right in "California Sun" as a nickname for its sun tanning and sun care products; (2) that no likelihood of confusion existed between SunCare's and Sun Laboratories' trade name and products; and (3) that Sun Laboratories did not encroach upon SunCare's trade name. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 A preliminary injunction is appropriate if the moving party shows a combination of probable success on the merits and the possibility of irreparable harm if the relief is not granted. See International Jensen v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir.1993). We will not disturb the district court's grant or denial of a preliminary injunction unless the district court abused its discretion or based its decision on erroneous legal standard or clearly erroneous factual findings. International Jensen, 4 F.3d at 822; see also Gregorio T. By and Through Jose T. v. Wilson, 59 F.3d 1002, 1004 (9th Cir.1995) ("As long as the district court got the law right, it will not be reversed simply because the appellate court would have arrive at a different result if it had applied the law to the facts of the case").
 
 
 4
 SunCare does not contend that the district court erred in applying the wrong preliminary injunction standard or an erroneous test in evaluating trade name infringement.[1] SunCare instead argues that the district court reached several erroneous conclusions on the merits.
 
 
 5
 After reviewing the applicable law and the record before us, we conclude that the district court did not clearly err in its findings or abuse its discretion in denying SunCare's preliminary injunction enjoining Sun Laboratories from using "California Sun Laboratories" as a trade name. See Gregorio T., 59 F.3d at 1004; International Jensen, 4 F.3d at 822.
 
 
 6
 Accordingly, the district court's denial of the preliminary injunction is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 SunCare argues that the district court erred, as a matter of law, in concluding that a nickname is not protectable if the name is only used by the public, not by the party claiming rights in the name. However, the district court's opinion indicates that the district court recognized the protectability of nicknames. The district court merely found that SunCare "failed to make a strong showing that 'California Sun' is used as a nickname for 'California SunCare.' "