79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John COLEMAN, Plaintiff-Appellant,
v.
PACIFIC GAS AND ELECTRIC COMPANY; International Brotherhood
of Electrical Workers, Local 1245, Defendants-Appellees.
 
 No. 94-17217.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 Before: CHOY, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant appeals the district court's grant of summary judgment for Pacific Gas & Electric Co. ("PG & E") and International Brotherhood of Electrical Workers, Local 1245 ("Local 1245" or "Local"). We affirm.
 
 
 3
 Appellant, a member of Local 1245, was discharged from his job at PG & E in December 1992 after PG & E concluded that appellant had connected his hot tub to an unmetered PG & E line without authorization.[1] After appellant filed a grievance with Local 1245 alleging termination without just cause, the Local Investigating Committee of Local 1245 ("LIC") investigated appellant's allegations of unlawful discharge and concluded that PG & E had legitimately terminated appellant for just cause. After LIC's decision became final, appellant filed a complaint in California Superior Court alleging breach of contract, breach of implied in fact contract, and intentional and negligent infliction of emotional distress. PG & E, but not Local 1245, was named as defendant.
 
 
 4
 After removing the case to federal court, PG & E moved for summary judgment. On January 26, 1994, the district court granted PG & E's motion and dismissed appellant's complaint without prejudice on the ground that appellant's claims were preempted by § 301 of the Labor Management Relations Act ("LMRA"). The district court noted that the dismissal was "without prejudice to the right of the plaintiff to file a new complaint seeking to state a cause of action under § 301 of the LMRA. This court, however, expresses no view as to whether that complaint would relate back to the date of the filing of the original complaint in this case."
 
 
 5
 On April 11, 1994, appellant filed a new action in federal district court based on § 301 of the LMRA. Appellant named both PG & E and Local 1245 as defendants and alleged breach of the collective bargaining agreement by PG & E and breach of the duty of fair representation by Local 1245.
 
 
 6
 PG & E and Local 1245 filed motions for summary judgment. Both appellees contended that appellant's suit was barred by the six-month statute of limitations period applicable to appellant's § 301 claim. Appellant asserted that the April 1994 complaint "related-back" to the June 1993 state court complaint and thus he should be allowed to proceed pursuant to Federal Rule of Civil Procedure 15(c).
 
 
 7
 In October 1994, the district court found that appellant's suit was time-barred and granted summary judgment for PG & E and Local 1245. The court held that Rule 15(c) was not applicable to appellant's action because appellant had filed a new complaint, not an amended complaint. The court also noted that even if Rule 15(c) applied, appellant could not satisfy the requirements of rule 15(c) and thus could not amend his complaint to add Local 1245 as a defendant. The district court concluded that because appellant's claim against PG & E depended in part on appellant having a viable claim against Local 1245, appellant's claim against PG & E must also be dismissed. Appellant timely appealed the district court's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 8
 Appellant's hybrid § 301 claim, alleging both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation, is governed by the six-month limitation period contained in § 10(b) of the National Labor Relations Act. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983). Appellant's § 301 action was filed over two years after appellant was fired and over a year after the Local Investigating Committee's decision regarding appellant's wrongful termination grievance became final. Thus, appellant's suit was filed well beyond the applicable six-month limitation period. See, e.g., Harris v. Alumax Mill Products, Inc., 897 F.2d 400, 404 (9th Cir.) (holding that LMRA § 301 action accrues no later than date on which union member is notified that the Union's grievance process had concluded), cert. denied, 498 U.S. 835 (1990); Stallcop v. Kaiser Foundation Hosps., 820 F.2d 1044, 1049 (9th Cir.) (same), cert. denied, 484 U.S. 986 (1987); Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir.1986) (holding that the § 301 limitation period "begins to run when an employee knows or should have known of the alleged breach of the duty of fair representation").
 
 
 9
 Appellant argues that his suit is not time-barred because his April 1994 complaint alleging § 301 violations related back to appellant's June 1993 breach of contract claim brought in state court against PG & E. We disagree.
 
 
 10
 The district court did not abuse its discretion in holding that Rule 15(c) does not apply to appellant's second complaint. The plain language of Rule 15(c) provides that "An Amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." (emphasis added). Appellant's "amended" complaint was not an amended pleading offered in an existing action, but rather a second, separate complaint. See Bailey v. Northern Indiana Pub. Serv. Co., 910 F.2d 406, 413 (7th Cir.1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely complaint."). Appellant's second complaint was entirely independent of the first, alleging a new cause of action, new facts, and adding a second defendant. Rule 15(c) was simply not intended to allow relation back under these circumstances.
 
 
 11
 Because we affirm the district court's determination that Rule 15(c) was not applicable to appellant's second complaint, we do not reach whether appellant satisfied the Rule 15(c) requirements as to each defendant.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant lived in a residence owned by PG & E