79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John J. BOOZE, Petitioner-Appellant,
v.
Ana M. OLIVAREZ, Respondent-Appellee.
 No. 95-15324.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner John Joseph Booze appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his guilty plea to first degree murder. Booze contends that his guilty plea was not voluntary and intelligent and that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 Booze contends that he was denied effective assistance of counsel because his attorney failed to investigate and explain to him possible defenses. This contention lacks merit.
 
 
 4
 To maintain this claim, Booze must show that his attorney's failure to raise these defenses was "outside the wide range of professionally competent assistance," and that he was prejudiced by this failure. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990).
 
 
 5
 Booze has failed to present any evidence in support of his contention that he was denied effective assistance of counsel by reason of counsel's alleged advise that no defense could be presented, or by reason of counsel's failure to investigate possible defenses. At the outset, it is difficult to determine whether Booze's counsel in fact considered the possible defenses and rejected them in favor of the plea agreement because Booze never obtained his counsel's testimony on the matter. In fact, at the plea hearing, defense counsel stated that he had discussed all possible defenses with Booze. Moreover, even if Booze could make a showing that his counsel never consider the possible defenses, Booze has not shown a reasonable probability that he would not have pled guilty. Thus, Booze has failed to establish that he was denied effective assistance of counsel. See Keller, 902 F.2d at 1394-95.
 
 B. Guilty Plea
 
 6
 Booze contends that the trial court failed to establish that he understood the malice aforethought element of first degree murder. This contention lacks merit.
 
 
 7
 "Due process requires that a defendant be apprised of the nature of the charges, including the element of intent to which a plea of guilty is entered." United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990). However, adequate apprisal does not necessitate a precise technical explanation of the legal meaning of intent; only "the general import" of the terms of intent must be explained to the person pleading. Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1495 (9th Cir.1991), rev'd on other grounds, 504 U.S. 1 (1992).
 
 
 8
 At the plea hearing in state court, defense counsel stated that he had discussed the elements of the crime with Booze and Booze himself told the judge that he understood those elements. Although neither the trial court nor counsel explained to Booze on the record each element of first degree murder, the record supports the conclusion that he was adequately informed of the nature of the charge. Absent special circumstances, such as a defendant's below average intelligence, we must presume that the appellant's attorney explained the charge. Marshall v. Longberger, 459 U.S. 422, 437 (1983); Henderson v. Morgan, 426 U.S. 637, 647 (1976). Because Booze's attorney stated that he had explained the plea statement and because Booze has not submitted evidence of his lack of understanding, we presume that Booze was apprised of the elements of the crime. See Marshall, 459 U.S. at 437.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3