79 F.3d 1152
 77 A.F.T.R.2d 96-1438
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard ASHTON, Plaintiff-Appellant,
v.
UNITED STATES; Internal Revenue Service (IRS); Nielsen,
Arras, Daddazio, Polivka, IRS Employees; Governor Wilson;
California Franchise Tax Board; Park, President, Oliver &
Williams Elevator Co. (O & W); McLaughlin, Paymaster, O &
W, Defendant-Appellee.
 No. 95-55650.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard Ashton appeals pro se the district court's dismissal of his action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Ashton, a former employee of Oliver & Williams Elevator Co. (O & W), filed this action on April 2, 1993. Ashton refers to himself as a "slave descendant of African ancestry" and maintains he never consented to citizenship and therefore is not subject to state or federal taxes. He insists, inter alia, that forcing him to pay taxes violates international law, constitutes conversion of property, perpetuates slavery, and denies self-determination.
 
 
 4
 On June 25, 1993, Ashton served the United States Attorney's Office for the Central District of California. On July 13, 1993, the clerk of the court received purported proofs of service on all other defendants. Because the proofs of service on all other defendants except Park and McLaughlin were deficient, the clerk of the court returned the inadequate proofs of service to Ashton. The record shows that Ashton failed to ever correct the deficiencies.
 
 
 5
 On October 6, 1993, the district court dismissed Ashton's action against the IRS employees in their individual capacities for failure to effect proper service and granted judgment on the pleadings to the United States on the ground of sovereign immunity. On February 27, 1995, the district court denied Ashton's motion for judicial notice of "citizenship not verified." On March 24, 1995, the district court dismissed Ashton's action against Park and McLaughlin for failure to state a claim. On April 17, 1995, the district court dismissed without prejudice Ashton's action against the remaining defendants for failure to effect proper service.
 
 
 6
 We affirm the district court's orders of October 6, 1993, February 27, 1995, and March 24, 1995 for the reasons stated by the district court. Because Ashton has failed to show that he ever properly served Governor Wilson or the Franchise Tax Board, we affirm the district court's April 17, 1995 order. See Fed.R.Civ.P. 4, 12(b)(5).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3