79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. ALEXANDER, Plaintiff-Appellant,
v.
Frank PREWITT; Larry McKinstry; Frank Sauser; Allen
Cooper; Robert Spinde; Larry Kincheloe,
Defendants-Appellees.
 No. 95-35534.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Alexander appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Alexander contends defendants conspired to violate his free speech and equal protection rights when they transferred him and changed his classification level after he made threatening statements about the superintendent of the prison. We disagree for the reasons stated by the district court.
 
 
 4
 Alexander contends defendants violated his rights to due process when they failed to provide a hearing before transferring him to another prison and reclassifying him to maximum security. We disagree. Alexander insists that the mandatory language contained in state administrative regulations created a protected liberty interest entitling him to a pre-transfer hearing, citing Hewitt v. Helms, 459 U.S. 460 (1983).
 
 
 5
 The Supreme Court recently emphasized that "the search for ... mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." Sandin v. O'Connor, 115 S.Ct. 2293, 2300 (1995) (repudiating the mandatory language holding of Hewitt ). State regulations do not afford a prisoner a protected liberty interest entitling him to procedural protections unless the action by prison officials serves to increase his sentence or results in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300-02.
 
 
 6
 Alexander does not allege that his term of incarceration has been increased. Nor does his transfer or reclassification present "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." See id. at 2301. The district court properly denied Alexander's due process claims. See id.; see also Kruso, 872 F.2d at 1421 (we may affirm on any basis supported by the record).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3