79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Plaintiff-Appellant,
v.
James GASPAR; Jeff Hood, Defendants-Appellees.
 No. 94-16815.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Henry Ferdik, an Arizona state prisoner, appeals pro se the district court's judgment in favor of prison officials, following a limited remand from this court, in Ferdik's 42 U.S.C. § 1983 action. After a bench trial, the district court concluded that defendants did not act with deliberate indifference to Ferdik's serious medical needs in violation of the Eighth Amendment.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's factual findings for clear error. Brooker v. Desert Hosp. Corp., 947 F.2d 412, 414 (9th Cir.1991). We review a district court's conclusions of law de novo. Id.
 
 
 4
 To establish a violation of the Eighth Amendment, Ferdik must show that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. A difference of opinion over proper medical treatment does not constitute deliberate indifference. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 At trial, Ferdik testified that defendants exacerbated his back injury by failing to provide him with a single cell or lower bunk. Two prison physicians testified that x-rays and other tests revealed that Ferdik had arthritis in his back, and that the preferred course of treatment for arthritis at this stage consists of anti-inflammatory medications which were made available to Ferdik. Both physicians also testified that the upper bunk would not exacerbate Ferdik's back condition, as long as Ferdik used caution in getting up and down. Defendant Hood testified that after Ferdik requested a single cell, Hood asked prison medical staff if Ferdik had a medical need for a single cell, and they told Hood that Ferdik did not.
 
 
 6
 The district court found that the medical treatment Ferdik received neither increased his risk of back injury nor exposed him to back pain. The court also found that the failure to confine Ferdik to a single cell or lower bunk did not have a deleterious effect on his back condition. On appeal, Ferdik has not demonstrated that these findings are clearly erroneous. See Brooker, 947 F.2d at 415. Although the record indicates that Ferdik disagrees with the proper treatment for his back, a mere difference of opinion regarding medical treatment is insufficient to establish deliberate indifference. See Franklin, 662 F.2d at 1344. Accordingly, the district court properly concluded that Ferdick failed to establish that defendants acted with deliberate indifference towards his serious medical needs. See Estelle, 429 U.S. at 104-06; McGuckin, 974 F.2d at 1062.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ferdik's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Ferdik contends that the district court disregarded the remand from this court and deferred to the prison officials, this contention is wholly without merit. The district court properly followed this court's limited remand to consider whether Ferdik could demonstrate that defendants acted with deliberate indifference towards his back injury
 
 
 [2]
 All outstanding motions are hereby denied as moot