79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger BALMACEDA-GUTIERREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70766.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 18, 1996.
 
 1
 Before: HALL, BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Roger Balmaceda-Gutierrez petitions for review of a decision by the Board of Immigration Appeal ("BIA") denying his request for asylum and a withholding deportation order. Because we find that substantial evidence supports the BIA's finding that petitioner failed to demonstrate past persecution or a well-founded fear of future persecution, we deny Balmaceda-Gutierrez's request for review.
 
 I.
 
 4
 Petitioner contends that the IJ focused on insignificant discrepancies between his testimony and his asylum application, and that these reasons alone were insufficient to support a finding that his testimony lacked credibility. The IJ conceded that some of these inconsistencies were "admittedly minor," but he also observed that taken together with other more significant discrepancies between testimony and written statements, these conflicts supported a finding that petitioner's testimony lacked credibility. We agree.
 
 
 5
 Petitioner's testimony included a variety of discrepancies, the most glaring of which was his testimony regarding his imprisonment. In his application for asylum, petitioner claimed that he was imprisoned for four months as punishment for allowing three Contra rebels to escape his guard. Yet, petitioner testified that he had been in prison on two separate occasions: the first prison term allegedly lasted two and a half years, from 1984 to 1986. The second prison term supposedly occurred after petitioner's third arrest and lasted only four months because petitioner escaped from prison.
 
 
 6
 To corroborate his testimony, petitioner provided a document from the Sandinista Popular Army which stated that he had been in prison from 1984 to 1986. Yet, as the IJ noted this document was prepared at petitioner's behest by an acquaintance in the Sandinista regime. The IJ also observed that the substance of the letter conflicted with petitioner's written application which stated that petitioner was in prison for only four months.
 
 
 7
 This was not the only discrepancy that the IJ discovered. Petitioner also contended that his family's connections to the Somoza regime made him an attractive target for the Sandinistas. Petitioner's asylum application states that his mother, who ran a meat stall in the market and sold goods to members of the Somoza regime, was thrown in jail for a year for being a Contras sympathizer. Yet, petitioner made no reference to that fact in his testimony. Petitioner's asylum statement also claimed that he had a cousin who was held in jail for a year and subsequently killed. In testimony, petitioner referred to this same individual as an uncle and stated that he had been imprisoned for three months, released and then killed. More minor inconsistencies included the fact that in his testimony, petitioner referred to his great-uncle as a general in the Somoza regime, but in his statement petitioner said his uncle was a colonel. Petitioner also claimed that his brother had fled in 1979 to Honduras, but his application stated that his brother fled in 1980, one year after the Sandinistas took over.
 
 
 8
 Other inconsistencies included petitioner's testimony that he was conscripted into the military, arrested and imprisoned from the period beginning in 1983 and ending in 1986 when his application states that during this period, he was attending school in Dario Matagalpa. Petitioner also testified that he worked as a delivery driver for the Somoza government from 1977 to 1979 and worked for his mother in her market stand selling meat, but he later testified that he was in elementary school from 1976 to 1982.
 
 
 9
 The IJ was also disturbed by the fact that petitioner used and continued to rely on fraudulent documents such as a falsified passport and false birth certificate. The IJ noted that petitioner had secured a birth certificate with a false birth date after he had already obtained a passport with a false birth date and the exit permits required to leave Nicaragua. Petitioner testified that he needed a false birth certificate because Nicaraguan men between the ages of 16 and 27 were not allowed to leave the country; however, on cross-examination he admitted that the false birth date suggested that he was 27 at the time he left Nicaragua.
 
 
 10
 Finally, petitioner testified that he did not seek asylum in Guatemala or Honduras, where his brother Ricardo had fled, because both countries had a policy of deporting refugees back to Nicaragua. Yet, in his asylum application, petitioner stated that he was a refugee in Guatemala for ten months and that his brother had remained in Honduras without being deported.
 
 
 11
 This circuit has consistently held that an "immigration judge is in the best position to make credibility findings because he sees the witness as the testimony is given." Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994). In determining that testimony lacks credibility, the IJ must have a "legitimate articulable basis to question the petitioner's credibility, and must offer a specific cogent reason for any stated disbelief." Id. For example, discrepancies between testimony and an asylum application can support a finding that the petitioner's testimony lacks credibility. Berroteran-Melendez, 955 F.2d 1251, 1257 (9th Cir.1992); Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984). Absent these specific reasons, the court is required to accept the petitioner's testimony as true. Id.
 
 
 12
 Here, the IJ has offered several "legitimate" and "articulable" reasons for discounting petitioner's testimony including inconsistencies regarding petitioner's time in prison, family relationships, work experience, need for fraudulent documents, and refugee status prior to arriving in this country.[1] Because petitioner has failed to present "candid, credible and sincere testimony" that would demonstrate he has suffered past persecution or has a genuine fear of future persecution, Berroteran-Melendez, 955 F.2d at 1257, we find that petitioner has failed to establish eligibility for asylum. Having failed to satisfy the lower burden of proof required for asylum, petitioner necessarily fails to satisfy the stricter burden required for withholding deportation. INS v. Cardoza-Fonseca, 480 U.S. 420, 444 (1987). Thus, the petition for review is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Charles R. Weiner, Senior District Judge for Eastern Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner argues that his limited education and the fact that these events occurred many years ago affected his ability to recall the events leading to his flight from Nicaragua. Yet, we note that in this case, petitioner has had ample assistance by which he could overcome these deficiencies in education and recall: he has had the benefit of counsel, he completed his asylum application in Spanish with the assistance of an individual who explained the application and its contents to him, and he was allowed to testify in Spanish with the help of a translator. Petitioner also swore to the veracity of his asylum application