79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luciano ALVARADO-OROZCO; Virginia Rosa Vargas De
Alvarado; Nestor Ulises Alvarado-Vargas; Brenda
Virginia Alvarado-Vargas, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70605.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luciano Alvarado-Orozco ("Alvarado-Orozco"), native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ") denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 Alvarado-Orozco contends that the BIA erred by finding that he had not established a well-founded fear of persecution. He also contends that the BIA abused its discretion in taking administrative notice of changed country conditions in Nicaragua. These contentions lack merit.
 
 
 4
 We review the factual determinations underlying the BIA's decision for "substantial evidence" and the BIA's decision should not be reversed absent compelling evidence of persecution. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). We review the taking of administrative notice for abuse of discretion. Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992).
 
 A. Eligibility for Asylum
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an asylum applicant bears the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "credible, direct, and specific evidence" of facts showing a reasonable fear of persecution on account of one of the enumerated grounds. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 6
 Here, substantial evidence supports the BIA's determination that Alvarado-Orozco failed to establish eligibility for asylum. Although Alvarado-Orozco's testimony may have established that he genuinely fears persecution if returned to Nicaragua, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objective well-founded fear of persecution, see Rodriguez-Rivera, 848 F.2d at 1002.
 
 
 7
 In 1984, Alvarado-Orozco refused to accept a promotion within the Ministry of Urban Planning. Although the Sandinistas twice questioned him, followed him on several occasions, and indicated that they would consider him a Contra if he declined the promotion, they never detained, jailed or physically harmed him. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985). Alvarado-Orozco obtained a passport without difficulty in 1984 and left Nicaragua that year. Alvarado-Orozco has failed to demonstrate that he is at particular risk for future persecution if returned to Nicaragua. See Kotasz, 31 F.3d at 851-52.
 
 
 8
 Alvarado-Orozco also claims that he fears persecution because the Sandinistas twice interrogated and beat his father for giving money to the Contras. Absent a pattern of persecution tied to Alvarado-Orozco, the abuse his father suffered is insufficient to establish a well-founded fear of persecution. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Alvarado-Orozco's parents continue to reside in Nicaragua and his father has not been harmed since. See Cuadras, 910 F.2d at 571 (finding that applicant's asylum claim is undercut by family's continued safety).
 
 
 9
 Moreover, Alvarado-Orozco's asylum claim is substantially undermined by the changes that have occurred in Nicaragua since 1990. See Acewicz, 984 F.2d at 1061; Kazlauskas, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Although conditions in Nicaragua remain unstable, generalized evidence of instability does not establish fear of persecution. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). Accordingly, substantial evidence supports the BIA's determination that Alvarado-Orozco failed to establish his eligibility for asylum. See Kazlauskas, 46 F.3d at 905.
 
 B. Administrative Notice
 
 10
 This court has recently delimited the parameters of the BIA's discretionary authority to take administrative notice. See Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994). The BIA "need not notify applicants before considering events that occurred before the deportation hearing and that were presented and argued before the IJ during the deportation hearing." Id. The BIA need not provide the applicant an opportunity to rebut facts which are "legislative, indisputable, and general." Acewicz, 984 F.2d at 1060. If a fact is "disputable," the issue is one of fairness and the BIA must give the applicant notice and an opportunity to respond. Castillo-Villagra, 972 F.2d at 1029.
 
 
 11
 Here, the BIA took notice that a coalition government succeeded the Sandinista party on April 25, 1990. The BIA also took notice that the election resulted in a general amnesty and the cessation of military conscription.
 
 
 12
 The fact that a coalition government succeeded the Sandinista party is legislative, indisputable, and general. See id. The only fact that remains disputable is whether the Sandinistas retain political power in Nicaragua. See id. This issue was presented and argued at the deportation hearing however, and the IJ provided Alvarado-Orozco ample opportunity to rebut. See Getachew, 25 F.3d at 845-46. Accordingly, the BIA did not abuse its discretion in taking administrative notice. See Acewicz, 984 F.2d at 1060.
 
 
 13
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. Id. at 1062.
 
 
 14
 Finally, although we deny Alvarado-Orozco's request to stay the mandate pending the outcome of a motion to reopen for suspension of deportation before the BIA, see Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992), we stay our mandate 30 days to allow Alvarado-Orozco to seek a stay of deportation from the BIA. See id. at 1258.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alvarado-Orozco's wife and two minor children are included in his asylum application