79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CITICORP USA INC., a Delaware corporation, Plaintiff-Appellee,
v.
Joseph T. ALVAREZ, an individual, and M. Helen Smith,
Defendants-Appellants.
 Nos. 94-56062, 94-56063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided March 18, 1996.
 
 1
 Before: PREGERSON and T. G. NELSON, Circuit Judges, and GEORGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 * Joseph T. Alvarez and M. Helen Smith ("Smith and Alvarez"), shareholders of San Diego Television, Inc. ("SDTV"), appeal the district court's judgment, following a bench trial, in favor of lender Citicorp U.S.A., Inc. ("Citicorp"), in Citicorp's action to collect from Smith and Alvarez on a defaulted loan. The judgment entitled Citicorp to foreclose on SDTV shares pledged by Smith and Alvarez and on a personal guaranty signed by Smith. Smith and Alvarez argue that the district court improperly exercised jurisdiction because Citicorp "manufactured" diversity jurisdiction through an improper claim transfer and because Citicorp allegedly failed to meet certain state and federal statutory requirements prior to bringing its action. Smith and Alvarez also claim that the pledge and guaranty documents relied on by Citicorp contradict various oral agreements they had with Citicorp. We have jurisdiction pursuant to 41 U.S.C. § 1291, and we affirm.
 
 II
 
 4
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Nike, Inc. v. Comercial Iberica de Exclusivas, 20 F.3d 987, 990 (9th Cir.1994). The district court's factual findings on all jurisdictional issues must be accepted unless clearly erroneous. Id.
 
 
 5
 A district court's findings of fact are reviewed under the clearly erroneous standard. Securities & Exch. Comm'n v. American Principals Holding, Inc., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 506 U.S. 783 (1992). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 113 S.Ct. 2264, 2280 (1993) (quotations omitted).
 
 III
 
 6
 Smith and Alvarez argue that the FCC has primary jurisdiction over the transfer of interests in television stations and that the Federal Communications Act, 47 U.S.C. § 310(d), prohibits the transfer of control of any corporation holding a broadcast license without FCC approval. The district court reasoned that "it makes more sense to determine the parties' rights under the contracts, and then seek FCC approval for a final transfer, if any, with the assistance of defendants as provided in the agreements." We agree. See In re D.H. Overmyer Telecasting Co., Inc., 94 F.C.C. 117, 123 (1983) (holding that "private contractual disputes are more appropriately resolved by local courts of competent jurisdiction").
 
 
 7
 Smith and Alvarez cite In re TAK Communications, Inc., 138 B.R. 568 (W.D.Wisc.1992), aff'd, 985 F.2d 916 (7th Cir.1993), in support of its section 310(d) argument. However, both the statute and the case are inapposite, as they refer to the transfer of broadcast licenses, not stock in a broadcasting company. See TAK, 138 B.R. at 576 (distinguishing between security interests in a station's stock and interests in its license.)
 
 
 8
 While, as Citicorp concedes and the district court confirms in its receivership judgment, FCC approval is required for final transfer of ownership in a station, approval is not required prior to commencement of an action to determine rightful ownership pursuant to a contract. Nothing in the law or in the contract provides otherwise. We therefore affirm the district court's assumption of subject matter jurisdiction.
 
 IV
 
 9
 Alvarez argues that the district court erred in denying him summary judgment on his motion to dismiss on the grounds that Cal.Civ.Code §§ 2845 and 2850 entitled him to require Citicorp to proceed against SDTV before taking action against him. The district court found that Alvarez had waived his rights under these statutes by: 1) his denial of liability; and 2) the terms of the surety agreement. We agree with the district court.
 
 
 10
 A party may not elect both to deny his liability and to demand that the creditor first pursue other remedies. By disclaiming liability, Alvarez lost his right to have such a demand enforced. Sukut-Coulson, Inc. v. Allied Canon Co., 149 Cal.Rptr. 711, 715-16 (Cal.App.1978).
 
 
 11
 Further, as the district court found, Alvarez expressly waived his rights under the language of the Pledge Agreement. Alvarez argues that under Cathay Bank v. Lee, 18 Cal.Rptr.2d 420 (Cal.App.1993), the terms of the agreement are not specific enough to constitute a waiver of his right to demand that Citicorp first pursue the principal. Cathay, however, refers to the inadequacy of waivers that fail to identify the defense that is purportedly being waived. Id. at 423. The language of the Pledge Agreement, by contrast, is abundantly clear.
 
 
 12
 We therefore affirm the district court's decision on both grounds.
 
 V
 
 13
 Smith and Alvarez argue that Citibank, N.A., has branches in California, and suggest that it assigned the claim in question to Citicorp (which does not have branches in California) in order to create federal diversity jurisdiction. The district court found, however, that Citibank, N.A., does not have branches in California, and accordingly concluded that the assignment of interest was irrelevant to federal jurisdiction.
 
 
 14
 The district court's finding is supported by the record, and we affirm. Amadeo v. Zant, 486 U.S. 214, 223 (1988).
 
 IV
 
 15
 The district court denied Smith and Alvarez's oral misrepresentation defense and granted judgment to Citicorp after considering the testimony and submissions of both parties during a bench trial. We hold that the court's conclusions are amply supported by the record, and we affirm. Id.
 
 
 16
 If anything, the court erred on the side of caution by deciding the case on the merits. California parole evidence law bars consideration of contrary oral agreements. Banco do Brasil, S.A. v. Latian, Inc., 285 Cal.Rptr. 870, 891 (Cal.App.1991), cert. denied, 504 U.S. 986 (1992). The fraud exception to the parol evidence rule does not apply where "parol evidence is offered to show a fraudulent promise directly at variance with the terms of the written agreement." Id. at 892 (quotations omitted).
 
 V
 
 17
 For the reasons stated above, we affirm the district court's decisions.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3